# SECOND DISTRICT, 1897.

WESTERN UNION TELEGRAPH CO. v. E. B. CARVER.

Delivered March 3, 1897.

1. **Telegraph Company—Failure to Deliver Message—Contents as Notice.**

   A telegraph message containing an offer for the purchase of cattle at stipulated prices sufficiently gives notice of its importance so as to charge the telegraph company with negligence in a failure to deliver it.

2. **Same—Advance in Market Price—Actual Purchase After Advance.**

   In an action against a telegraph company for failing to deliver a message directing the purchase of cattle at stipulated prices, where it appears that there was subsequently a permanent rise in the value of cattle, it is not incumbent upon the plaintiff to show that he had actually gone into the market and purchased cattle, in order to entitle him to a recovery.

3. **Evidence—Opinion of Witness.**

   A statement of a witness that, in a certain contingency, he could and would have purchased a specified number of cattle at specified prices, is the statement of a fact, and not of an opinion or conclusion.

4. **Damages—Interest Before Trial.**

   Interest from the date of the institution of the suit is recoverable against a telegraph company on the amount recovered against it for loss in a purchase of cattle on account of a failure to deliver a telegram.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Stanley, Spoonts & Thompson*, for appellant.—Interest was not recoverable. 1 Sutherland on Damages, 610; Ferry Co. v. Railway, 27 S. W. Rep., 568; Railway v. Wallace, 17 S. W. Rep., 882.

*R. L. Carlock* and *T. J. Powell*, for appellee.—1. The message in question showing upon its face that it related to a business transaction, and by its terms conveying notice to the company of the main fact involved in the transaction, viz., the purchase of cattle of certain grades at certain designated prices, the company was chargeable with notice of every incidental fact that would attend the transaction that it would have ascertained by the most minute inquiry. Telegraph Co. v. Edsall, 74 Texas, 333; Telegraph Co. v. Adams, 75 Texas, 531; Telegraph Co. v. Williford, 2 Texas Civ. App., 574; Telegraph Co. v. Moore, 76 Texas, 67; Telegraph Co. v. Morrison, 33 S. W. Rep., 1027; Mitchell v. Telegraph Co., 33 S. W. Rep., 1017; Telegraph Co. v. Haman & Co., 2 Texas Civ. App., 103; Telegraph Co. v. Sheffield, 71 Texas, 573; G., C. & S. F. Ry. Co. v. Loonie, 82 Texas, 327; Pepper v. Telegraph Co., 11 S. W. Rep., 787; Telegraph Co. v. Hines, 23 S. E. Rep., 845; Mowry v. Telegraph Co., 10 Am. St. Rep., 787; 3 Sutherland on Damages, 970; 2 Sedgwick on Damages, sec. 683.

2.  The proof in the case showing that, when appellee first ascertained that his telegram had not been delivered, cattle of the grades therein specified had risen in value from $1 to $2 per head all over the country, which rise had been permanent, it was not essential to his recovery that he should thereafter go into the market and make a purchase of other cattle of the same grades, in order to evidence or liquidate the loss.   Telegraph Co. v. Brown, 84 Texas, 57; Rittenhouse v. Ind. Line of Tel. (N. Y.), 4 Am. St. Rep., 675, 44 N. Y., 263; Squires v. Telegraph Co., 98 Mass., 239; Carver v. Telegraph Co., 31 S. W. Rep., 432; Telegraph Co. v. Bowen, 84 Texas, 476; Mortgage Co. v. Weddington, 2 Texas Civ. App., 376.

3.  Interest was properly allowed on the recovery from the date suit was instituted.   Railway v. Jackson, 62 Texas, 214.

TARLTON, CHIEF JUSTICE.—The plaintiff, appellee, dealt in the purchase and sale of cattle, and on January 26, 1993, there was an active market for yearlings and cows in the vicinity of Hico, Texas, and Fort Worth.   Prices were appreciating, and the plaintiff, desiring to purchase a large number of such cattle in the neighborhood of Hico, had there placed W. T. Thompson as his agent to advise him of the condition of the market and to purchase cattle for him.

Thompson had by letter addressed to plaintiff informed him that he could purchase for him a thousand cows at $8.50 per head, and a thousand yearlings at $7 per head.   In reply to this letter the plaintiff delivered to the defendant's agent of Fort Worth the following telegram:

"January 26, 1893.

"W. T. Thompson, Hico, Texas.

"I will give eight fifty for balance of cows and seven for balance of yearlings.   Get all you can.   I just arrived from the south.

"E. B. Carver."

The defendant accepted this telegram, for the transmission of which the plaintiff paid its agent.   The defendant negligently failed to deliver it.   At the time of the receipt of the telegram the agent was fully advised by the plaintiff of its nature and purpose, and of the importance of its prompt transmission and delivery.

Had the telegram been promptly delivered, Thompson could and would have procured for plaintiff a certain number of cows at $8.50 per head, and of yearlings at $7 per head.   He was in a position to procure the stock within ten days from the date of the telegram, but by reason of the failure on the part of the defendant to deliver the message the plaintiff did not get the cattle.   Shortly after January 26 the price of cattle advanced from $1 to $1.50 per head.   This advance was permanent, and continued until after the time for spring delivery of cattle had passed, and, indeed, up to the trial.

On account of being deprived of the purchase of the cattle through the agency of Thompson, at the prices stated in the telegram, the plain-

tiff sustained loss in the principal sum of $1000, as found by the jury. This damage was measured by the difference between the prices offered for the cattle in the message and the prices at which they could have been purchased on the date when it was learned by the plaintiff that the message was not delivered.

*Conclusions of Law.*—Under the allegations of the petition, the defendant had notice of the importance of the message directing the purchase of the cattle. It was negligent in the transmission of the message, though affected with notice of its purpose. Subsequently there was a permanent advance in the price of the cattle, and a consequent loss to the plaintiff. On a former appeal we held, in an opinion by Justice Stephens, that the petition states a cause of action, and adhering to the views then announced we overrule the first, second, third and fourth assignments of error, complaining of the action of the court in failing to sustain a general demurrer and three special exceptions to the plaintiff's petition. Carver v. Telegraph Co., 31 S. W. Rep., 432, and authorities therein cited.

As the testimony supported the material averments of the petition, we also overrule the nineteenth assignment of error, urging the insufficiency of the evidence to sustain the verdict.

The message disclosed that it had reference to a business transaction, viz., the purchase of cows and yearlings at a stipulated price, which was the main fact involved in the transaction, and indicated the probability of loss should the wish of the sender not be carried out; and we think that such notice of the main fact sufficed to give notice of the incidental facts connected with the transaction. Telegraph Co. v. Morrison, 33 S. W. Rep., 1027, and the numerous authorities there cited.

Besides, the evidence justifies the inference that the plaintiff actually notified the agent of the importance of the prompt delivery of the message to the addressee, of its purpose, and the consequent damage. Thus, plaintiff testified that he called the special attention of the agent to the telegram, admonishing him of its importance, and, indeed, that he read in his presence and hearing the letter which caused him to send the dispatch to Thompson.

As it appears that there was a permanent rise in the value of cattle, we are of opinion that it was not incumbent upon the plaintiff to show that he had actually gone into the market and purchased other cattle of the same grades, in order to entitle him to a recovery. Telegraph Co. v. Brown, 84 Texas, 54.

Thompson, the agent of the appellee, testified that, if he had received the telegram in question, he could and would have secured both cows and yearlings at the prices mentioned therein, 1000 of each grade of the stock, the cows at $8.50 and the yearlings at $7 per head. This statement is, as we think, the statement of a fact, and not, as appellant contends, of an opinion or a conclusion merely of the witness. Had the defendant desired to test the witness' means of knowledge of the fact to

which he testified, it could have applied the test on cross-examination. It could have probed the witness' knowledge by questioning him as to the persons living about Hico from whom he could have purchased the cattle; and if his statement as to the fact of his ability to secure the stock was not true, it could have introduced evidence invalidating it.

The fourth paragraph of the court's charge is as follows: "If you (the jury) find for the plaintiff, you will look to the evidence and determine therefrom how many cattle, if any, of the kind named and of the prices named in the message, the plaintiff would have obtained if the message had been promptly delivered, more than he did obtain as it was, and then determine from the evidence how much higher, if any, the prices of such kinds were at the date plaintiff ascertained the message had not been delivered than the prices named in the message, and calculate interest on said difference at the rate of six per cent per annum from the date this suit was instituted, to-wit, May 22, 1893, to the present time."

The twelfth assignment of error complains of this paragraph, with the proposition that the interest referred to is not recoverable as a part of the plaintiff's measure of damages, being on an uncertain and unliquidated demand. We have had some difficulty in passing upon the merits of this proposition. However, we have finally reached the conclusion that interest in this case, as a part of the damages, is recoverable as a matter of law, at least for the time included within the charge. The tendency is toward the extension of the principles allowing interest as damages. 1 Sedgwick on Damages, sec. 297.

Here, the jury found that at the date of the institution of the suit the defendant should have paid to the plaintiff the sum of $1000. After that time, at least, in violation of its duty, it withheld that amount of money from the appellee. By way of indemnity to the latter on account of the detention of his money, it would seem that legal interest should be allowed. Railway v. Jackson, 62 Texas, 209; 1 Sedgwick on Damages, sec. 301.

To the facts presented and as interpreted by the verdict, the language of the Supreme Court of Alabama seems applicable: "Whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt or as compensation for a breach of duty or for the failure to keep a contract, interest attaches as an incident." Alabama v. Lott, 69 Ala., 147.

This conclusion is not believed to be in conflict with the decision of the Supreme Court of Tennessee in Railway v. Wallace, 17 S. W. Rep., 882, which was an action for damages on account of personal injuries.

Under our view of the law, as indicated by our remarks in connection with the assignments of error first urged, we overrule the complaints against the charge of the court.

We are thus led to an affirmance of the judgment, which is ordered.

Writ of error denied.                                        *Affirmed.*