CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. B. B. POORE.

Decided February 8, 1908.

**1.—Peremptory Charge—Practice.**

Where there is no room for difference of opinion on the undisputed evidence it is proper for the trial court to instruct a verdict in accordance with the evidence.

**2.—Trial—Argument of Counsel.**

In a suit for damages for personal injuries received in a collision of railroad trains, counsel for plaintiff used the following language in his opening argument: "Consider how this man (the plaintiff) must have suffered, pinned there against the wall with all this weight of seats and debris piled on top of him, and poor old man Trippett beneath him." Held, under the circumstances, the reference to Trippett, who was fatally injured, was not improper.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*N. H. Lassiter* and *Robert Harrison,* for appellant.—The argument objected to was improper, as it was irrelevant to any issue in this case, and was outside the record, and was strongly calculated to prejudice the jury against the defendant, and to influence them in favor of the appellee, and to cause them to confuse the appellee's injuries with the serious injuries of Mr. Trippett, and to inject the idea into their minds that because the two men were thrown in proximity to each other by the collision, and one was fatally injured, the other would probably be very seriously injured. The instruction of the court did not repair the harm done by this argument, and did not erase from the minds of the jury the impressions improperly made by it, and the court erred in failing to admonish counsel to refrain from the character of argument objected to. Houston E. & W. T. Ry. Co. v. McCarty, 89 S. W. Rep., 806; Mount v. State, 86 S. W. Rep., 710; Chicago, R. I. & G. Ry. Co. v. Musick, 76 S. W. Rep., 221; Garrity v. Rankin, 55 S. W. Rep., 368; Hunstock v. Roberts, 65 S. W. Rep., 675; Chicago, R. I. & G. Ry. Co. v. Langston, 48 S. W. Rep., 611; Willis v. McNeill, 57 Texas, 474; Gulf, C. & S. F. Ry. Co. v. Jones, 73 Texas, 235; Dillingham v. Scales, 78 Texas, 206; Gulf, C. & S. F. Ry. Co. v. Butcher, 18 S. W. Rep., 585; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 551; Moss v. Sanger, 75 Texas, 321.

*R. L. Carlock* and *W. P. McLean,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This was an action for personal injuries, which resulted in a verdict and judgment for eight thousand dollars, the court instructing a verdict in appellee's favor on the issue of liability. As to the nature and extent of his injuries the evidence was more or less conflicting and this issue was submitted to the jury, the main ground of recovery being that he had been severely and permanently injured in his shoulder and hip, which was strenuously controverted by appellant.

That appellant was clearly liable for the injury will be seen from the following statement of the case made in its brief: "The evidence shows that the appellee was a passenger en route from Bridgeport to Dallas on the morning of August 13, 1906. He was riding in the next to the last coach in the train. The train had come into the T. & P. passenger station at Fort Worth, and to get out of Fort Worth it was necessary to back from the T. & P. station to the Rock Island main line, a distance of about half a mile, where it would resume its course to Dallas. Under the appellant's custom of handling trains from its main line into the T. & P. depot and back again, it was the duty of the conductor of the train desiring to leave the T. & P. station, to call the yardmaster's chief clerk over the telephone, and ascertain from him that the track was clear and that no train would be allowed to enter this connecting track between the main line and the T. & P. depot until his train had traversed it. On the morning in question the conductor of the train on which appellee was riding failed to ascertain this from the yardmaster's chief clerk, and another train was allowed to enter this connecting track on its way to the T. & P. depot while the appellee's train was backing out, and the two trains came together on a curve in the yards. The incoming train suffered no damage, but the two rear coaches in the Dallas train were partially telescoped, and several passengers injured, one being killed. The appellee, who was seated with his friend, Mr. Stephens, of Bridgeport, in about the middle of the car, next to the partition that separated the coach into two compartments, was thrown forward against this partition and was held there by the weight of the car seats which had been pushed forward by the partial telescoping of the two rear coaches."

Inasmuch as there was no room for a difference of opinion on the undisputed facts as to the question of liability, the court did not err, as first assigned, in taking that issue from the jury. Northern Texas Traction Co. v. Lewis, 37 Texas Civ. App., 197; Missouri, K. & T. Ry. Co. of Texas v. Taff, 31 Texas Civ. App., 657; Missouri, K. & T. Ry. Co. of Texas v. Saunders, 106 S. W. Rep., 321.

The next objection to the charge is that the evidence did not warrant the jury in taking into consideration the appellee's impaired ability to earn money in the future, but while the evidence set out in the statement in appellant's brief may not have warranted the submission of this item of recovery, the evidence quoted by appellee in answer to this objection undoubtedly did.

The next three assignments present objections to remarks made by counsel for appellee in his opening argument, the principal ground of objection being that the following statement, or rather the last clause of it, was made and in substance repeatedly made: "Consider how this man must have suffered, pinned there against that wall with all this weight of seats and debris piled on top of him, and poor old man Trippett beneath him." It seems that appellant desired to have this pathetic reference to the unfortunate Trippett entirely eliminated, but inasmuch as what befell Trippett was a part of the case itself—one of the features of the collision

and wreck—the court did not err in permitting counsel to discuss it before the jury.

The only remaining assignment questions the sufficiency of the evidence as to the extent of the injuries, but it, too, must be over-ruled. The testimony of appellee and the experts offered in support of his claim warranted a finding that he had sustained serious and permanent injuries both in his shoulder and hip, to say nothing of the intense physical pain and mental anxiety which he must have suffered in the terrific collision and wreck in which he came so near losing his life. The judgment is therefore affirmed.

*Affirmed.*