## WESTERN UNION TELEGRAPH CO. v. WILLIAMS.

(Court of Civil Appeals of Texas. April 5, 1911. Rehearing Denied May 10, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 67*)— MESSAGES—DELAY—SPECULATIVE DAMAGES.

Where plaintiff, when he delivered a telegram to defendant company's agent, stating, in answer to a telegraphic inquiry, that he would sell 500 head of cows at a certain price, the trade to be closed the next day, informed the agent that he had an option on that number of cows, and, if the telegram was not delivered at once, he would lose the profit of the sale, the damages resulting to plaintiff from nondelivery of the telegram, measured by the difference between the price at which the cattle would have been delivered to plaintiff and the price at which he could have sold them to the sendee had the telegram been delivered, were not too speculative to be recoverable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 67; Dec. Dig. § 67.*]

2. TELEGRAPHS AND TELEPHONES (§ 37*)— NONDELIVERY OF MESSAGE—CONTENTS OF MESSAGE.

Where the answer to a telegram sent plaintiff on August 8th, "Can you put me up 500 cows at $11 per head by 1st," stated that plaintiff would put up 500 head at that price, "delivered on cars in East Texas, trade to be closed to-morrow," the inquiry, even if treated as a proposition, was not accepted in terms, further conditions being imposed, so that it was not a binding contract of sale, it being necessary that a proposition be accepted in the very terms in which made to become a binding contract, and hence plaintiff's cause of action for loss by the prospective purchaser's refusal to buy after the nondelivery of the telegram to him was not against him, but against the telegraph company.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 32; Dec. Dig. § 37.*]

3. TELEGRAPHS AND TELEPHONES (§ 66*)— NONDELIVERY OF MESSAGE—ACTIONS—ADMISSION OF EVIDENCE.

In an action for damages for nondelivery of a telegram, stating, in answer to an inquiry for the purchase of cows, that plaintiff would sell at a certain price if the deal was closed the next day, a letter from the prospective purchaser withdrawing his proposition after the telegram had not been delivered to him was admissible in evidence.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 66.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting a letter in evidence was not reversible where the writer testified without objection that he wrote it, and gave it verbatim in his deposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4166; Dec. Dig. § 1050.*]

5. TRIAL (§ 144*)—PROVINCE OF JURY.

Where reasonable minds could not have differed as to the amount of damages recoverable, under the undisputed facts in an action for damages for the nondelivery of a telegram, it was not error to instruct as to the amount of the verdict the jury should find.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 344; Dec. Dig. § 144.*]

6. SALES (§ 24*)—OPTION AGREEMENTS—CONSIDERATION.

An agreement to give the owner of cows the use of $1,000 theretofore deposited with him by plaintiff was a sufficient consideration for an option to purchase the cows given to plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 49; Dec. Dig. § 24.*]

7. TELEGRAPHS AND TELEPHONES (§ 61*)— NONDELIVERY—ACTIONS—DEFENSES.

The fact that plaintiff afterwards, under a new contract, bought the cows upon which he had an option when he acknowledged an inquiry for the purchase of cows by telegraphing the inquirer that he would sell a certain number of cows if the deal was closed the next day, would not prevent his recovery of damages from the telegraph company for nondelivery of the telegram, preventing plaintiff from selling the cows to the person making the inquiry; plaintiff's subsequent purchase not being pursuant to the option and being at an advanced price.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 49; Dec. Dig. § 61.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by P. J. Williams against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Geo. H. Fearons and Clark, Yantis & Clark, for appellant. J. R. Downs and J. R. Webb, for appellee.

JENKINS, J. Appellee brought suit to recover of appellant $500 damages on account of the failure of appellant to deliver a telegram sent by appellee to one T. Martin. Appellee was engaged in the business of buying and selling cattle in Texas. On August 21, 1905, he received the following telegram: "Houston, Texas, 8–21–1905. To J. P. Williams, Lorena, Texas—Can you put me up 500 cows at $11 per head by 1st. [Signed] T. Martin." Appellee on same day sent the following reply: "To T. Martin, Houston, Texas—Yes will put you up five hundred head of cows at $11 per head delivered on cars in East Texas, trade to be closed to-morrow. [Signed] J. P. Williams." The charges on this telegram were prepaid, and appellee explained to appellant's agent at Lorena that it was necessary that this telegram be delivered as soon as possible, for the reason that he had an option on these cows which expired in two or three days, and that if the telegram was rushed through that night so that Martin would get it next morning, and this trade was closed, he would make $500 on the deal. Appellee at this time had an option from Campbell & Evans, cattle dealers, for 500 cows to be delivered f. o. b. at Oakwood in East Texas at $10 per head. This option expired on August 23 or 24, 1905. Martin testified as follows: "If I

had promptly received Williams' telegram, I would have purchased from him 500 cows at $11 per head on the cars in East Texas, the trade to be closed on the 22d of August, 1905. I made every effort possible to get the answer to the telegram, going to the Western Union and asking for an answer at least six or seven times." The telegram was never delivered. On August 22, 1905, Martin wrote Williams as follows: "I wired you yesterday in regard to buying 500 cows at $11 per head, have waited 24 hours and no reply. Can wait on you no longer. Will make other arrangements. Yours very truly, [Signed] T. Martin."

Appellant offered no evidence, but at the conclusion of the evidence on the part of appellee moved the court to instruct the jury to return a verdict for the defendant. The court refused to give this instruction, but, on the contrary, instructed the jury to return a verdict for the plaintiff for $500, with interest at the rate of 6 per cent. per annum from August 22, 1905. Under appropriate assignments the appellant presents the following issues of law:

[1] 1. That the damages shown, if any, are too speculative and uncertain to form the basis for recovery. We do not concur in this conclusion. The uncontradicted evidence shows that appellee had an option on 500 head of cows to be delivered f. o. b. at Oakwood, at $10 per head, and that Martin would have taken these cows f. o. b. at Oakwood at $11 per head. No evidence was offered as to the market value of cows at Oakwood. The measure of damages was not the difference in the market value of the cows at Oakwood and the price at which Campbell & Evans would have delivered them to appellee under his option with them, as would have been the case had appellee sued Campbell & Evans for breach of their contract, but the difference in the price at which said cattle would have been delivered to appellee and the price at which he would have sold them to Martin, had his telegram been promptly delivered. The agent of appellee having been fully informed as to the terms of the proposed sale to Martin, the loss on said transaction by reason of the failure to deliver said telegram must be held to have been within the contemplation of the parties. Telegraph Co. v. Brown, 84 Tex. 54, 19 S. W. 336; Telegraph Co. v. True, 103 S. W. 1180; Telegraph Co. v. Harriss, 121 S. W. 358; Telegraph Co. v. McKenzie, 36 Tex. Civ. App. 178, 81 S. W. 581; Telegraph Co. v. Bowen & Co., 84 Tex. 476, 19 S. W. 554; Telegraph Co. v. Carver, 15 Tex. Civ. App. 547, 39 S. W. 1021. In Alamo Mills v. Iron Works, 1 Tex. Civ. App. 683, 22 S. W. 1099, cited by appellant, while speculative damages were disallowed, it was held that damages were recoverable as to the ice which had been contracted to be delivered; also in Ry. Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642, while it is said that the evidence must

indicate the profits with some degree of certainty, it was held that such profits as were naturally incident to the contract and must have been in contemplation of the parties are recoverable as damages for breach of the contract.

[2] 2. That Martin, having selected the telegraph company as the medium through which to submit his proposition to purchase cattle from appellee and receive an answer, when appellee accepted the offer, by depositing his answer with appellant's agent at Lorena, it became a binding contract without reference to the delivery of the same, and appellee's cause of action was against Martin, and appellee has therefore suffered no damages by reason of the failure of appellant to deliver said telegram. If such were the facts, appellant's proposition of law would be sound, and a complete answer to appellee's suit. Telegraph Co. v. Connell Land Co., 128 S. W. 1162; Telegraph Co. v. Cotton Seed Co., 140 Ky. 506, 131 S. W. 278. Such case is analogous to depositing a letter in the post office. Blake v. Insurance Co., 67 Tex. 163, 2 S. W. 368, 60 Am. Rep. 15. But such are not the facts in this case. Martin's telegram was an inquiry; but, even if it be treated as a proposition, it was not accepted. Appellee submitted a counter proposition to put up the number of cows and at the price mentioned, but annexed to his proposition the further conditions that said cows were to be delivered on cars in East Texas, and with the proviso that the trade should be closed the next day. So far as these telegrams show, Martin may not have wanted cows in East Texas, and he may not have wanted them on board of cars. An answer from Martin was necessary to the closing of any contract between the parties. Martin did not accept appellee's proposition, but, on the contrary, by reason of the failure to receive the telegram sent by appellee, he withdrew the proposition contained in his telegram. That a proposition in order to become a binding contract must be accepted in the very terms in which it is made is elementary, but as elucidating this point we refer to the case of Telegraph Co. v. Cotton Seed Oil Co., supra.

[3, 4] 3. That the court erred in permitting the letter from Martin withdrawing his proposition to be read to the jury. We do not think this was error. Telegraph Co. v. Harriss, 121 S. W. 362. Certainly it does not constitute reversible error, for the reason that Martin testified, without objection, to having written this letter and set out the same in hæc verba in his deposition. W. P. O. Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 171; Edwards v. White, 120 S. W. 914.

[5] 4. That the court erred in instructing the amount of the verdict. The objection is urged that the amount of appellee's damages, if any, was for the jury to determine. We do not think that reasonable minds could have come to different conclusions as to the

amount of the damages recoverable under the undisputed facts of this case, for which reason we hold that the court did not err in instructing the jury as to the same. City of San Antonio v. Lane, 32 Tex. 416; Lumber Co. v. Stockdale, 118 S. W. 805; Thomson v. Hubbard, 70 S. W. 573; Railway Co. v. Levyson, 113 S. W. 572; Railway Co. v. Stone, 125 S. W. 587; Railway Co. v. Poore, 49 Tex. Civ. App. 191, 108 S. W. 504.

[6] 5. That no binding option with Campbell & Evans for the 500 cows was shown. We think that the use of the $1,000 theretofore deposited with them was a sufficient consideration to support this option.

[7] 6. That appellee was not entitled to recover because he afterwards bought these cows and sold them at a profit. Appellee afterwards bought cows, perhaps these identical cows, from Campbell & Evans at an advanced price, and sold them at an advanced price, but he did not get them on the option which he held at the time he offered to sell them to Martin. If appellee afterwards bought them and sold them, this was a different transaction with which appellant had no connection, and has no more to do with this case than if he had subsequently bought other cattle from other parties, or had bought horses or hogs. If he had lost on this second purchase, appellant would not have been chargeable with such loss. If he made a profit, appellant cannot claim the benefit of the transaction.

Finding no error in the record, the judgment is affirmed.

Affirmed.