## Western Union Telegraph Company v. W. L. Snow.

### Decided January 21, 1903.

**1.—Telegram—Delay—Contract—Time of the Essence—Damages.**

Correspondence by mail and telegram held to show a contract in which prompt acceptance was necessary to a completed sale; and a message, "Offer on cattle accepted. Come on quick. Letter delayed," sufficiently informed the telegraph company, or put it on inquiry, to make it liable for loss of profits of the purchase through its negligent delay in delivery.

**2.—Telegram—Delay in Delivery.**

A finding of negligence in delaying delivery of a telegram and the loss of a contract as a proximate result, held warranted by the facts shown by the findings and supported by evidence.

**3.—Telegraph—Contributory Negligence.**

A finding that the addressee of a telegram was not guilty of negligence in failing to send a message before starting to accept the delivery of cattle offered him by wire, was supported, where he did not discover, till reaching his destination, when he found the cattle sold to another, that the message received by him was so delayed in delivery as to call for such action on his part.

Appeal from the County Court of Coryell. Tried below before Hon. R. E. West.

*George H. Fearons* and *Clark & Bolinger,* for appellant.

*S. B. Hawkins* and *Owens Miller,* for appellee.

FISHER, CHIEF JUSTICE.—Appellee instituted this suit against appellant for damages resulting to him by reason of appellant's failure to transmit and deliver to him in due time a telegraphic message from one C. P. Cooper, and alleges that in February and March, 1899, he was negotiating with C. P. Cooper, by correspondence, for the purchase of 200 head of cattle owned by said Cooper, and located near Ruston, La. That he on the —— day of March, 1899, offered said Cooper by letter $6.50 per head for said cattle, and that Cooper immediately notified appellee of his acceptance of said offer, but on account of illness in his family appellee was prevented from going to receive said cattle. That afterwards, on the 17th of March, he wrote another letter to said Cooper in regard to the purchase of said cattle, in words, to wit: "I can come now if you have not disposed of the cattle. If I can get them, wire me at my expense and I will start or send a man at once." That by this letter appellee meant to and did renew his offer of $6.50 per head for said cattle, and the said Cooper so understood, and in reply to said letter and as an acceptance of appellee's said offer did, on the 22d day of March, 1899, deliver a telegraphic message to appellant's agent at Ruston, La., addressed to appellee at De Leon, Texas, in words, to wit: "W. L. Snow, De Leon, Texas: Offer on cattle accepted. Come on quick. Letter was delayed. (Signed) C. P. Cooper." That by said message Cooper meant to and did accept said offer of $6.50 per head for said

cattle on condition that appellee would come to Ruston, La., at once and receive them. That appellants undertook and agreed to transmit said message to De Leon, Texas, and deliver same to appellee without delay, and that said message was transmitted and received at appellant's office in De Leon at 2 o'clock p. m. on the 22d day of March, 1899. That on said 22d day of March, 1899, appellee was in the town of De Leon from 1 o'clock p. m. to 6 o'clock p. m., and within 200 yards of appellant's office during all this time. That he was well known to the principal business men of said town and to appellant's agents at said office. That he had received former messages at said office, and that he inquired in person at said office on the 19th, 20th and 21st days of March, 1899, for messages, and that he sent other persons to defendant's said office on the 23d and 24th days of March, 1899, for said message, and was informed each time by appellant's agents that they had no message for him. That he made inquiry at the postoffice in De Leon on the 22d, 23d and 24th days of March, 1899, for mail and received no notice of said message. That with all these opportunities, the appellant withheld and failed to deliver said message to him until the 25th day of March, 1899. That on receipt of said message, appellant started and traveled to Ruston, La., with all possible haste and applied to said Cooper for said cattle at his said offer of $6.50 per head, and learned from Cooper that on account of appellee's delay in coming to receive the cattle, he, Cooper, had concluded that he was not coming to receive them, and he, Cooper, sold the cattle to another purchaser only a few hours before appellee's arrival. That by reason of the delay in delivering said message, appellee lost said purchase of said cattle and sustained damage in the sum of $900, etc.

Appellee further averred that the contents of said message put appellant on notice of its importance, and further, that he informed appellant's agent of the nature of said message, and that they were aware of the fact that appellee was likely to suffer loss by any delays in its delivery to him.

The defendant Western Union Telegraph Company answered by general and special exception, general denial, and special answers as follows:

(1) That the plaintiff was practically unknown in the town of De Leon; that he lived about three miles out in the country, and that it had used all reasonable and proper diligence and every effort in its power to find the plaintiff, W. L. Snow, and make delivery of said message; that it sent two service messages to Ruston, La., the sending office, and C. P. Cooper, the sender of said message, advising them that W. L. Snow could not be found and asking for better address, and also mailed notice to plaintiff through the United States postoffice, addressed to him at De Leon, advising him that it had said message and requesting him to call for the same.

(2) That the plaintiff was constantly expecting said message and was guilty of contributory negligence in failing to leave his particular

address with the defendant's agent in De Leon, and in not providing some means by which this defendant could promptly reach him upon receipt of any message directed to him, which was the proximate cause of defendant's failure to make prompt delivery of said message.

(3) That the plaintiff was guilty of further contributory negligence which directly contributed to and caused the loss, if any, he sustained in not receiving said cattle under his contract of purchase, as alleged by him, in that after the receipt of said message by him on the 25th day of March, he failed to notify the said Cooper by wire that he was coming for said cattle, and to hold the same for him, and in this respect failed to exercise ordinary care to prevent said damage; that said Cooper did hold said cattle for the plaintiff, under his contract with him, until some time in the afternoon of the 27th of March, and that plaintiff's failure to notify Cooper that he was coming for said cattle was the direct and proximate cause of his loss, if any.

(4) That the alleged negligent delay of the defendant in the delivery of the message in question was not the direct or proximate cause of the plaintiff's failure to receive said cattle under his contract with said C. P. Cooper, in that he had a binding contract with said Cooper for the purchase of said cattle, and the alleged delay in delivering said message afforded no proper or legal cause or excuse for the said Cooper breaching his contract of sale with the plaintiff and selling said cattle to some one else.

A trial of the case before the court on March 19, 1902, resulted in a verdict and judgment in favor of the plaintiff for $256, interest and costs.

We find that the evidence in the record supports the conclusions of fact as found by the trial court. They are as follows:

"I find that W. L. Snow, prior to March 22, 1899, had made an offer in writing to C. P. Cooper of $6.50 per head for all of his cattle to be delivered at Ruston, La., and requested his acceptance by wire at De Leon, Texas. That on March 22, 1899, said C. P. Cooper delivered to defendant at Ruston, La., the following message, which the defendant agreed to transmit by wire to De Leon, Texas, to wit: 'Ruston, La., March 22, 1899.—W. L. Snow, De Leon, Texas: Offer on cattle accepted. Come on quick, letter delayed. C. P. Cooper.' That above message was transmitted to defendant's agent at De Leon, Texas, on March 22, 1899, and was received by said agent at De Leon at 2.45 p. m. of same date. De Leon is a town of about 1000 people, having only one business street and about sixteen business houses, and a person on said street can be seen from defendant's office. That W. L. Snow had inquired in person on March 18th, 19th, 20th and 21st from defendant's agent for said message, and had informed defendant's agent of the importance of said message to him. That W. L. Snow had received prior messages from defendant's agent and was well known to them, and they knew that W. L. Snow lived three miles in the country from De Leon. That W. L. Snow was well known to a great number of business men in

De Leon, Texas. W. L Snow was in De Leon on March 22, 1899, from 1 o'clock p. m. to 6 o'clock p. m. on said date, in full view of defendant's office, and could have been found by defendant's agents by very slight care. That on the morning of March 23, 1899, W. L. Snow had his daughter call at defendant's office and inquire of its agent for said message, and she was informed that there was no message for W. L. Snow, and on the evening of the same day W. L. Snow caused his nephew to call on defendant's agent at De Leon and was informed by defendant's agent that there was no message for W. L. Snow. W. L. Snow by person and by others inquired for his mail at De Leon on the 22d, 23d, 24th, and 25th days of March, 1899, and on the 25th of said month received a notice from defendant's agent that the above message was in its office for him. That said notice was not mailed until late in the evening of the 24th or morning of the 25th, and the mailing of said notice was the only effort made to deliver said message by defendant's agent.

"That after receiving said message defendant (plaintiff) took the first train out of De Leon for Ruston, La. That on receiving said message, W. L. Snow's attention was not called to the fact that same was a delayed message, and he did not discover the same until he had reached Ruston, La., about 1 o'clock on the 27th day of March, 1899. That by reason of W. L. Snow not coming at once, as requested in said message, C. P. Cooper declined to hold said cattle longer and sold same about two hours before W. L. Snow arrived in Ruston, La. That if said message had been delivered to W. L. Snow on the 22d, 23d or 24th of March the said W. L. Snow would have reached Ruston, La., before said C. P. Cooper had sold said cattle, and would have secured from said Cooper 128 head of cattle at the price of $6.50 per head. That the 128 head of cattle that he would have secured were reasonably worth on the market of Ruston, La., not less than $8.50 per head. That Cooper's reason for offering said cattle for less than their market value was that he was pressed for money and was holding said cattle at great expense, and his acceptance of plaintiff's offer was conditioned on immediate delivery of said cattle.

"By use of reasonable care, the defendant could have delivered the message on the 22d, and failing in this, could and should have delivered said message on the 23d or 24th days of March. That W. L. Snow exercised ordinary care and prudence after the receipt of said message, and the loss of his bargain was the direct and proximate result of defendant's negligence. In sending the message to W. L. Snow, C. P. Cooper guaranteed to defendant the payment of all charges necessary for the transmission and delivery of said message, and defendant accepted the guarantee and W. L. Snow paid the charges on receipt of said message.

"That defendant was engaged in operating a telegraph line from Ruston, La., to De Leon, Texas."

In addition to the facts as found, we also find that the telegram upon

which the cause of action was based, was in response to a letter written by appellee to Cooper on the 17th of March, which is as follows: "I can come now, if you have not disposed of the cattle. If I can get them wire me at my expense, and I will start or send a man at once."

The trial court overruled a general demurrer, of which ruling the defendant complains on the ground that the telegram sent by Cooper, the delivery of which was delayed, shows upon its face an acceptance of the offer made to appellee, the effect of which was to consummate the sale of the cattle. In the letter set out in the petition, written by Snow to Cooper, which called for the telegram in question, it is stated that if the offer was accepted, Snow would start or send a man at once. The telegram in reply to this letter, after stating that the offer on the cattle was accepted, contains the expression "Come on quick." This statement, in connection with that part of the letter in which Snow stated that he would start or send a man at once, indicates that the parties regarded time as, to some extent, the essence of the contract. If this was not the case, these expressions in the letter and the telegram would serve no useful purpose, and would be quite meaningless; but effect must be given to these words in construing the contract as well as to what else may be there stated.

The fact that the telegraph company may not have had any actual notice or knowledge of the purpose intended by the expression "Come on quick," would not relieve it from liability, because the expression was sufficient, at least, to excite their inquiry as to what was intended and meant, and if they wanted any further information upon this subject, it could have been obtained from the sender. Western U. Tel. Co. v. Turner, 60 S. W. Rep., 432, 94 Texas, 304; Western U. Tel. Co. v. Adams, 12 S. W. Rep., 857, 75 Texas, 531.

The remaining assignments are to the effect that the evidence does not warrant the judgment of the trial court. The findings of fact dispose of these assignments. They authorize the conclusion that the defendant was guilty of negligence in delaying the delivery of the message, and that such delay was the proximate cause of plaintiff's damages in the sum found by the trial court. And the facts also authorize the conclusion that the plaintiff was not guilty of negligence in not notifying Cooper by telegram of the receipt of his telegram, that he would immediately come and receive the cattle. Upon this point there is evidence to justify the findings of the trial court to the effect that the appellee did not discover that the telegram was a delayed message until after he had reached Ruston, La.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*