WESTERN UNION TELEGRAPH COMPANY v. E. F. CONNELL LAND COMPANY.

Decided May 14, 1910.

**1.—Contract by Telegraph—Complete, When.**

The delivery to a telegraph company of a message accepting the terms of a proposed contract for the sale of land, completes the contract when the proposition was sent by telegraph. The time when the answer was delivered to the party making the proposition, is immaterial.

**2.—Same—Land Agents—Commissions.**

Land agents are entitled to their commissions when, through the medium of the telegraph, they procure a purchaser who is ready, able and willing to buy the land offered him, and who within the time stipulated by the owner of the land for an acceptance of the proposition delivers to a telegraph company an answer accepting the same. That the message was not delivered by the telegraph company to the agents or the owner until after the time stipulated, is immaterial. And this is true whether the two telegrams constitute an enforceable contract or not.

**3.—Same—Breach—Right of Action.**

A land agent has such a beneficial interest in the matter as will entitle him to maintain an action against a telegraph company for damages when the negligence of the company in transmitting a message from an intending purchaser causes the agent to lose his commissions on a sale.

**4.—Land Agents—Telegraph Company—No Right of Action, When.**

A land agent has no cause of action against a telegraph company for loss of commissions on the sale of land, alleged to have been caused by negligent delay in delivering a message of acceptance from an intending purchaser, when in fact and in law the agent's cause of action against his principal is complete and in no manner affected or impaired by the delay in delivering the message.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. D. B. Hill.

*Geo. H. Fearons* and *Jno. W. Veale,* for appellant.—if the two messages of January 18th and 19th constituted a completed contract of sale, a suit for specific performance should have been brought by Hartz against Hawkins, and appellee's remedy was an action against Hawkins for its commission. Western Union Tel. Co. v. Davis, 35 S. W., 190; Patrick v. Bowman, 149 U. S., 411.

An offer to sell, requiring an acceptance by telegraph, is accepted and an action for specific performance will lie when the acceptance is filed with the telegraph company, with the charges for transmitting the message paid. Western Union Tel. Co. v. Davis, 35 S. W., 190; Blake v. Hamburg-Bremen Ins. Co. 67 Texas, 160; Duble v. Batts & Dean, 38 Texas, 313.

*Knight & Slaton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The E. F. Connell Land Company, real estate brokers, sued the Western Union Telegraph Company to recover damages for its negligence in failing to deliver to them a telegram closing up a real estate deal, whereby they allege they lost their commission on the sale. From an adverse judgment, the telegraph company appeals.

Our conclusion that appellant's general demurrer was wrongfully overruled is necessarily decisive of the appeal. We will not set out the entire petition, but the gist of it is that appellees who represented one Hawkins, the owner of three sections of land in Deaf Smith County, were negotiating with C. Lane & Company of Danville, Illinois, real estate brokers, who represented one William Hartz, the owner of four hundred and eighty acres of land in Kandiyohi County, Minnesota, for an exchange of said lands. Appellees sent to Lane & Company the following message: "Hereford, Texas, 1/18/07. C. Lane & Co., Danville, Ill. If you can guarantee loan of $10,000 on 480 acres, deal is made. Answer on or before twentieth, otherwise deal off. E. F. Connell Land Company." Appellant received and promptly transmitted and delivered this message. On January 19, 1907, C. Lane & Company prepared and delivered to appellant at Danville, Illinois, for transmission to appellees at Hereford, Texas, the following telegram: "Danville, Illinois, Jan. 19, 1907. E. F. Connell Land Company, Hereford, Texas. Deal closed per your telegram. Party guaranteed ten thousand dollars on four hundred and eighty acres. Letter follows. C. Lane & Company." Appellant negligently failed to deliver this message to appellees until after January 20th and by reason of this fact the said Hawkins refused to pay them the agreed commissions of one dollar per acre, aggregating one thousand and twenty dollars, for which amount judgment was sought.

By using the telegraph as a medium of communication, appellees must be held to have indicated to C. Lane & Company that their reply might be returned in the same way. And a delivery by C. Lane & Company to the telegraph company of the message last quoted, constituted an acceptance of the offer binding on appellees and their principal. (Scottish American Mortgage Company v. Davis, 46 Texas, 504; Western Union Tel. Co. v. Davis, 35 S. W., 189).

The acceptance, then, being complete, appellees had fully earned their commissions whether appellant ever delivered the Danville message or not. And this is true whether the two telegrams constitute an enforceable contract or not. Appellees allege in their petition that at the time of filing the acceptance with appellant, William Hartz was able and willing to buy the Hawkins land at the price and on the terms contemplated by the negotiations between the parties, and that in consequence of appellant's failure to deliver it on or before January 20th, the sale was lost. It thus appears that appellees had earned their commissions by finding a purchaser ready, able and willing to buy their principal's land at the price and on the terms authorized within the time stipulated, and that their commissions were fully

earned, regardless of whether the telegrams constituted an enforceable contract. Hamburger & Dreyling v. Thomas, 103 Texas, 280.

There is no doubt but that appellees, beneficially interested as they were in the contract between C. Lane & Company and appellant, could sue the latter for damages for a failure to comply with such contract. But an essential part of such suit is to show that they had been damaged. It is not seen how the failure of appellant to deliver the message on or before January 20th has possibly affected appellees' cause of action, if they have any, against Hawkins. If it has not, they certainly have no cause of action against appellant. We know of no decision carrying the rule of liability thus far, and we do not think it can be justly so extended.

The judgment is reversed, and the cause remanded with instructions to sustain a general demurrer to appellees' petition.

*Reversed and remanded.*