KENEDY MERCANTILE CO. v. WESTERN UNION TELEGRAPH CO.　(No. 5301.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1914. Rehearing Denied June 27, 1914.)

1. CONTRACTS (§ 26*)—OFFER BY MAIL—ACCEPTANCE.

Where an offer is submitted by letter, an acceptance is conclusive and binding when the letter containing it is deposited in the post office.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 119, 120; Dec. Dig. § 26.*]

2. CONTRACTS (§ 26*)—OFFER BY TELEGRAPH—ACCEPTANCE.

Where an offer is by telegram, an acceptance becomes binding on the proposer from the date of the delivery of the telegram of acceptance to the telegraph company, since the offer being made by such means was equivalent to an invitation to accept by the same means.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 119, 120; Dec. Dig. § 26.*]

3. EXCEPTIONS, BILL OF (§ 54*)—BYSTANDERS' BILL OF EXCEPTIONS—PROCEEDINGS.

Under Rev. St. 1911, art. 2067, relating to bystander's bill of exceptions, the bill must be prepared, sworn to, and filed at the time of the occurrence of the matters to which it relates.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 89; Dec. Dig. § 54.*]

Appeal from Karnes County Court; C. L. Bell, Judge.

Action by the Kenedy Mercantile Company against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

M. B. Little, of Karnes City, and John W. Thames, of Kenedy, for appellant. George H. Fearons, of New York City, Proctor, Vandenberge & Crain, of Victoria, and Crain & Hartman, of Cuero, for appellee.

CARL, J. On July 25, 1911, at 2:45 p. m., Weld-Neville Cotton Company sent from Houston, Tex., by the Western Union Telegraph Company, to the Kenedy Mercantile Company, at Kenedy, Tex., a message in code, which translated means:

"Our limit to you is 13 cents basis middling. Landed Houston, Houston weights and classification. Shipment to be made this week."

The Kenedy Mercantile Company, on the same day, deposited with the telegraph company at Kenedy, Tex., a return telegram also in code which translated is, as to body:

"Book us 50 bales at 13 cents basis middling, landed Houston."

Appellant, the mercantile company, alleges that it shipped 50 bales of cotton to Weld-Neville Cotton Company in compliance with said message, but that the telegraph company failed to transmit and deliver its said message to Weld-Neville Cotton Company, and that on account of the failure to promptly transmit and deliver said message appellant lost the sale of said 50 bales of cotton at 13 cents basis middling and afterwards on July 31, 1911, learned for the first time that the telegram of appellant had not been delivered to Weld-Neville Company, and sold said cotton on the last-named date at 11¾ cents per pound, basis middling, which was the best price that could be obtained for said cotton at said time. The difference between 13 cents and 11¾ cents per pound was claimed as damages against the telegraph company. The court, after hearing the evidence, instructed the jury to return a verdict for the appellee, telegraph company, which was done, and the Mercantile Company has appealed.

[1, 2] The trial court was correct in so instructing the jury. It is well-settled law in this state that, where an offer is submitted by letter, an acceptance is conclusive and binding when a letter is deposited in the post office accepting same. The delivery to the one making the offer is not the test; for when the offer is submitted in that way it is equivalent to an invitaton to accept by the same means, and when the acceptance is delivered to the agency chosen by the one making the offer the contract is complete. And so, where the offer is by telegram, and the answer is by the same means, the contract is then complete. The risk of prompt delivery is upon the one selecting the agency. In the case of Mortgage Co. v. Davis, 96 Tex., page 508, 74 S. W., page 18, 97 Am. St. Rep. 932, Judge Brown says:

"The authorities are well-nigh unanimous in asserting that, when a party submits to another through the mail a proposition of purchase or sale, the receiver of the proposition has the right within a reasonable time and before it is withdrawn to accept by writing deposited in the post office duly stamped, ready for carriage and delivery, and such an acceptance binds the proposer of the contract from the time the deposit is made in the postoffice, whether it be delivered or not. Blake v. Insurance Co., 67 Tex. 163 [2 S. W. 368, 60 Am. Rep. 15]; Bryant v. Booze, 55 Ga. 445; Levy v. Cohen, 4 Ga. 13; Moore v. Pierson, 6 Iowa, 292 [71 Am. Dec. 409]; Vassar v. Camp, 11 N. Y. 441; Hunt

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

v. Higman [70 Iowa, 406], 30 N. W. 769; Hallock v. Insurance Co., 26 N. J. Law, 280; Dunlop v. Higgins, 1 H. L. C. 397. Any number of authorities to the same effect might be added." Western Union Tel. Co. v. Davis (Civ. App.) 35 S. W. 189; Postal Tel. Co. v. Cotton Co., 140 Ky. 506, 131 S. W. 277; 9 Cyc. p. 295; Burton v. U. S., 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Beach on Mod. Law of Contracts, vol. 1, p. 82; Lucas v. Tel. Co., 131 Iowa, 669, 109 N. W. 191, 6 L. R. A. (N. S.) 1016; Simkins on Contracts, p. 15; W. U. Tel. Co. v. Connell Land Co. (Civ. App.) 128 S. W. 1162.

Appellant's remedy was against the Weld-Neville Company.

[3] Appellant has one bill of exceptions, which is not approved by the trial court, but which is signed by three persons who are called bystanders. The parties so signing do not swear to the matters set out in the bill. The judgment was November 25, 1913, and the bill of exceptions is dated January 6, 1914. It has been held that, to meet the requirements of article 2067, the bill must be prepared and sworn to and filed at the time of the occurrence of the matters to which it relates. Dehougne v. W. U. Tel. Co. (Civ. App.) 84 S. W. 1068; Shook v. Shook, 145 S. W. 699. And when it is not verified it will not be considered. G., C. & S. F. Ry. Co. v. Holt, 30 Tex. Civ. App. 330, 70 S. W. 591. The affidavit of one bystander is not sufficient, since the statute requires three. Taylor v. State (Cr. App.) 87 S. W. 1039.

The assignments will be overruled, and the judgment affirmed.