## NORTH TEXAS OIL CO. v. FULLER, REASER & CO. et al.

(Circuit Court of Appeals, Fifth Circuit.    December 7, 1921.)

No. 3658.

1. **Brokers ⬥⟹52—Delivery of acceptance by telegram to a telegraph company, the agreed transmitting agent, held sufficient under option contract, so as to entitle broker to commissions.**

   Where the parties to an option contract for sale of oil leases agreed that notice of intention to exercise the option should be transmitted by telegram, the delivery by the option holder to the telegraph company for transmission to vendor before expiration of the option was sufficient to make the contract binding, so as to entitle brokers to commissions though vendor did not receive the message until after expiration of prescribed time.

2. **Brokers ⬥⟹52—Transmission of option acceptance to vendor's broker held sufficient to entitle brokers to commissions.**

   Where the holder of an option for the purchase of oil leases transmitted to brokers, with whom the vendor had listed the property for sale, notice of its intention to exercise the option before the expiration of the option period, such notice was in effect notice to the vendor, and makes the contract binding, so as to entitle the brokers to commissions, though the brokers did not deliver notice to vendor until after expiration of the option period.

In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge.

Action by Fuller, Reaser & Co. and others against the North Texas Oil Company to recover commissions for the sale of property. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. T. Montgomery, of Austin, Tex., for plaintiff in error.

Henry F. Turner, of Wickliffe, Ky., and W. E. Fitzgerald, of Wichita Falls, Tex., for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge.   This suit was brought by Fuller, Reaser & Co. and M. T. Killion & Co., two copartnerships (hereinafter styled plaintiffs), against the North Texas Oil Company (hereinafter styled defendant), to recover commissions amounting to $5,000 alleged to be due them from the North Texas Oil Company for negotiating a sale for it of an oil lease on property near Wichita Falls, Tex.   The facts were that the defendant had listed with plaintiffs said oil lease for sale at $75,000, all sums over that to be a commission to plaintiffs for selling the property.

Plaintiffs, on February 8, 1920, negotiated a tentative sale to one Newberry for $80,000.   Newberry was not quite resolved on completing the sale, because he was considering the purchase of some property in Fort Worth, Tex.   The proposed sale was reported to the defendant, who agreed that Newberry should have until 12 o'clock noon on February 9th to signify his acceptance.   Newberry went to Fort Worth, and on February 9th, at 11:20 a. m., filed a telegram with the

telegraph company, at Fort Worth, addressed to plaintiff Killion & Co. at Wichita Falls. It was received in Wichita Falls at 11:35 a. m., and delivered a few minutes thereafter at Killion & Co.'s office. Killion states he received it a little before 12 o'clock noon. Notice of it was given to Haynes, the defendant's agent, who had authorized the brokers to give the option, about 1:30 p. m.

The defendant's agent refused to carry out the sale, because he claimed the acceptance came too late. The plaintiffs proved that Newberry was ready and able to complete the purchase, and that the refusal of the defendant to convey the lease alone had prevented the consummation of the sale. A verdict was returned for the plaintiffs.

The points made in plaintiff in error's brief and argued in this court involve the single question whether the agreement between the proposing vendor and vendee was that the vendee should accept the option by telegram sent before 12 o'clock on February 9, 1920, or whether he must have communicated the acceptance to the vendor at Wichita Falls before 12 o'clock.

[1] This issue was submitted by the court to the jury, and the error assigned is that under the proof the court should have directed a verdict for the defendant. It is not disputed that, if the telegraph company was agreed on by the parties as the medium for giving notice of acceptance, the time of filing the telegram with it would be the time of acceptance, and such filing would be the required notice of acceptance to the vendor. Bowen v. Speer (Tex. Civ. App.) 166 S. W. 1183; Western Union Telegraph Co. v. E. F. Connell Land Co., 61 Tex. Civ. App. 168, 128 S. W. 1162; 6 R. C. L. p. 615; 13 Corp. Jur. p. 300.

The charge of the court left it to the jury to say whether the agreement was that the option should be accepted by telegram, or whether the acceptance must be communicated at Wichita Falls to the vendor, in order to be binding. The proof fully warranted the jury in finding that the sending of a telegram was agreed upon as the method of acceptance, and that the filing of said telegram with the telegraph company was its delivery to the other party.

[2] But in this case the evidence was undisputed that the telegram reached Wichita Falls at 11:35 a. m., and was received in Killion's office in a few minutes thereafter. Killion himself testified that he received it a few minutes before 12 o'clock. Killion was one of the agents of the vendor, with whom it had listed the property for sale, and the delivery of the telegram to Killion was a delivery to the vendor.

The judgment of the District Court is affirmed.