## WESTERN UNION TELEGRAPH CO. v. KILLIAN. (No. 11876.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 12, 1927.

Telegraphs and telephones ☞67(1)—Telegraph company is not liable for loss of employment because of its delayed delivery of acceptance of telegraphic offer.

Where offer of employment was submitted by telegraph, addressee's acceptance created binding contract when filed with telegraph company, so that he had no cause of action against telegraph company for delay in delivering telegram which resulted in loss of employment; his cause of action, if any, being against party making offer.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by Oscar Killian against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

McMurray & Gettys, of Decatur, Thompson & Barwise, and Fred L. Wallace, all of Fort Worth, and Francis R. Stark, of New York City, for appellant.

---

W. C. Shults and H. E. Lobdell, both of De-catur, for appellee.

DUNKLIN, J.   The Western Union Tele-graph Company has appealed from a judg-ment in favor of Oscar Killian in the sum of $500 as damages for alleged negligent delay in the delivery of a telegram sent by the plaintiff at Alvord, Tex., to George E. Miller, district manager of a chain of stores known as the "Acorn stores"; the telegram being ad-dressed to Miller, at Madill, Okl.  The tele-gram sent by the plaintiff to Miller was dated October 12, 1926, and was in reply to one re-ceived by him from Miller, dated October 11, 1926.  The two telegrams, in the order in which they were sent, were as follows:

"Madill, Oklahoma, 10/11/26—Oscar Killian, Alvord, Texas—Have splendid Acorn store open at Newkirk, Oklahoma, if you are interested at salary of thirty five weekly and can come im-mediately believe this a very excellent opportu-nity for you but must have immediate action. Wire me here Royal Hotel.
                    "George E. Miller."

"Alvord, Texas, 10/12/26 Geo. E. Miller, Ans date Royal Hotel, Madill, Oklahoma—I will take the work and can start at once when I receive word from you.  Oscar Killian."

The record shows that the telegram sent by Miller to the plaintiff was promptly delivered, and that the one he sent to Miller was not de-livered until about 1:10 p. m. on October 13, 1926, at which time Miller wired plaintiff as follows:

"Just received your wire.  Waited all day yesterday and not hearing from you was com-pelled to make other arrangements.  Writing you fully.  Geo. E. Miller.  2:50 p. m."

The uncontroverted proof shows the truth of the statements in that reply telegram, and that the statement in the telegram that the sender "was compelled to make other arrange-ments" referred to the fact that Miller, after waiting for a reply from plaintiff as stated in that message, gave the position of manager of the Acorn store at Newkirk to one Bert Raw-lins.  The proof further showed that at the time the plaintiff received the message first copied he was employed as manager of a dry goods store at Alvord, Tex., and was receiv-ing a salary of $70 a month.  As soon as he received the telegram from Miller, he re-signed that position in order to accept the position referred to in Miller's telegram.  Aft-er giving up his position at Alvord, he made repeated efforts to get other employment, in-curring considerable expense as a result of those efforts and with negligible success.

The plaintiff testified without contradiction that he had had two years' experience as manager of the store at Alvord; that he was well qualified to fill the position referred to in Miller's telegram and would have accepted it if he had been given an opportunity to do so. Miller testified without contradiction that if the telegram addressed to him by the plain-tiff, of date October 12, 1926, had been promptly delivered he would have given the position to the plaintiff.  Miller further testi-fied that his telegram to the plaintiff, of date October 11, 1926, "was a definite offer of the position as manager of the store at Newkirk, Okl."

Plaintiff testified that on July 5, 1926, some three months prior to the date of Miller's tele-gram, he met Miller in the city of Dallas in accordance with a request by wire from Mil-ler so to do; that message being in reply to a letter from plaintiff addressed to Miller em-bodying an application to Miller as district manager of the Acorn stores for employment in some of those stores.  Plaintiff further tes-tified to the following as occurring in that in-terview with Miller:

"On that occasion I went into details with Mr. Miller as to what would be the line of my duty, and what would be expected of me, if I accepted a position with the Acorn stores, and he explained their system.  We discussed that. In that conversation, after discussing the mat-ter with Mr. Miller, I explained to him fully what my qualifications were as to that matter. He then agreed to give me a position in Okla-homa in the fall.  He told me that he had work, that he would have an opening for me in Okla-homa in the fall, and I would have to be avail-able immediately when he called. * * *
"Mr. Miller agreed with me that whenever he was ready to employ me he would wire me when he had employment to give me, and I was to answer by wire.  He instructed me by mes-sage to answer by wire, and I answered by wire, and that wire was my acceptance of the offer."

Miller's telegram, construed in connection with his testimony and that of the plaintiff already noted, constituted proof of a definite offer to plaintiff of the position of manager of the Acorn store at Newkirk, Okl., at a salary of $35 a week, if the plaintiff would wire his acceptance immediately and if he could take the position at once, and plaintiff's reply thereto was an unconditional acceptance of that offer.

The trial was before a jury who, in answer to special issues submitted by the court, found that Miller's telegram to the plaintiff was not delivered with such dispatch as a person of ordinary care would have employed under like circumstances; that had it been deliv-ered with ordinary dispatch plaintiff would have received the position of manager of the Acorn store at Newkirk, Okl., at a weekly sal-ary of $35; that after his failure to receive that employment plaintiff had exercised rea-sonable diligence to secure other employment, but had only earned $20 as a result of such ef-forts, and that in so doing he had expended the sum of $40, which expenses were reason-ably necessary.  The jury further found that the employment offered to plaintiff by Miller would have continued 5 weeks from and after December 14, 1926, and would have continued

for 14 weeks from and after October 12, 1926. The judgment in plaintiff's favor for $500 was based upon those findings of the jury.

In Blake v. Hamburg Bremem Fire Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15, the following is said:

"A contract may be consummated by letters deposited in the post office; and when an offer is made contemplating an acceptance in this manner, and a letter accepting it is properly mailed, the agreement is complete."

To the same effect is the decision of the same court in Scottish-American Mortgage Co. v. Davis, 96 Tex. 504, 74 S. W. 17, 97 Am. St. Rep. 932; Western Union Tel. Co. v. Connell Land Co., 61 Tex. Civ. App. 168, 128 S. W. 1162; Western Union Tel. Co. v. Gardner (Tex. Civ. App.) 278 S. W. 278; Kenedy Mercantile Co. v. Western Union Tel. Co. (Tex. Civ. App.) 167 S. W. 1094; Western Union Tel. Co. v. Fletcher (Tex. Civ. App.) 208 S. W. 748. The following excerpt is taken from the opinion in the case last cited:

"It seems to be the law in this state that, if an offer be submitted by telegraph, the sendee may accept the proposal by the same instrumentality, and, if there be an unconditional acceptance of the proposition, the filing of the telegram of acceptance with the telegraph company constitutes a binding contract, without reference to the delivery of the same to the sender; and that in such cases there would be no cause of action against the telegraph company for failure to deliver the telegram, or for negligence in its transmission, but that the cause of action, if any, would be against the party accepting the offer and making the contract. See [Western Union] Tel. Co. v. Connell Land Co., 61 Tex. Civ. App. 168, 128 S. W. 1162; Blake v. Ins. Co., 67 Tex. 163, 2 S. W. 368, 60 Am. Rep. 15; [Scottish-American] Mortgage Co. v. Davis, 96 Tex. 504, 74 S. W. 17, 97 Am. St. Rep. 932; [Western Union] Tel. Co. v. Williams [Tex. Civ. App.] 137 S. W. 148."

No authorities have been cited by the appellee which controvert the rule of decisions announced in the above cases.

If Miller's telegram to plaintiff had been so worded as to show that his offer was not to become effective until his receipt at Madill, Okl., of plaintiff's acceptance thereof, in other words, if his telegram had shown that his offer was made conditioned upon an immediate receipt by him at Madill, Okl., of a reply telegram from plaintiff announcing his acceptance, then it might be said that no contract was consummated between the parties, as insisted by appellee, and in that event some of the authorities cited in support of that contention might become applicable, such as some portions of the opinion in Western Union Tel. Co. v. Gardner (Tex. Civ. App.) 278 S. W. 278. Also, Western Union Tel. Co. v. Williams (Tex. Civ. App.) 137 S. W. 149; Western Union Tel. Co. v. Dorough (Tex. Civ. App.) 213

S. W. 283; Western Union Tel. Co. v. Snow, 31 Tex. Civ. App. 275, 72 S. W. 250. But the telegram from Miller to the plaintiff cannot be so construed. It was a definite and unconditional offer of a position, coupled with the request that immediate acceptance be made by the plaintiff by wire.

In view of the rule of decisions first noted, it follows that no cause of action was established in plaintiff's favor, and that the court erred in refusing to give to the jury the defendant's request for a peremptory instruction to return a verdict in its favor.

This conclusion renders it unnecessary to discuss other assignments of error presented by appellant, to the effect that in no event could plaintiff recover more than one weekly wage of $35; that the findings of the jury, to the effect that had plaintiff's telegram to Miller been promptly delivered his employment would have continued for 5 weeks from and after December 14, 1926, and 14 weeks from and after October 14, 1926, were mere guesses of the jury and without any sufficient support in the evidence, etc.

For the reasons noted, the judgment of the trial court is reversed and judgment is here rendered in favor of appellant.