## WESTERN UNION TELEGRAPH CO. v. NICHOLSON. (No. 7343.)

Court of Civil Appeals of Texas. Austin. April 10, 1929.

Rehearing Denied April 24, 1929.

William H. Flippen and John W. Miller, both of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

BAUGH, J. This is an appeal from the judgment of the district court upon special issues in favor of appellee for the sum of $1,374.84.

The following facts appear: On May 10th, J. B. Sneed at Paducah, Tex., telephoned to the agent of the appellant at Childress, Tex., a message to be sent to Nicholson, at Dallas, Tex. The appellant sent the following message:

"Will you pay one seventy per bushel FOB Paducah for thirteen ton car planting seed being loaded today quality identical as other two cars sent you. Answer.

"J. B. Sneed."

In reply to this the appellee, plaintiff below, sent the following message on the same day:

"J. B. Sneed, Paducah, Texas. Answering message. Ship car if same quality same basis. Have practically sold other two cars. Wire car number immediately."

The car of cotton seed shipped contained 30 tons instead of 13 tons. The plaintiff sought recovery against the telegraph company, alleging: First, that the telegraph company negligently changed the word "thirty" in the message telephoned to it by Sneed to the word "thirteen"; and, second, that said telegraph company on the following day, after the error was discovered by Sneed and called to their attention, negligently failed and refused to send a message to Nicholson correcting the error. That because of certain facts alleged, appellee was compelled to accept the 30 tons shipped, and was unable to sell the 17 excess tons as planting seed because of the lateness of the season, but was compelled to sell same to the oil mill at stock seed price, resulting in a loss to him in the amount sued for.

There is no controversy but that the contract, in so far as this suit is involved, was consummated by the two messages quoted, both parties having selected the telegraph company as the agency for transmitting such offer and acceptance. In response to special issues submitted to them, the jury found that the appellant did not change the word "thirty" to "thirteen" in sending said message. That is, that Sneed stated in the message the word "thirteen" instead of the word "thirty."

In response to other issues submitted, the jury found that Sneed, after discovering the error on the following day, requested the telegraph company to send a correction message to appellee, apprising him of the error; that appellant's agent agreed to do so, but negligently failed to do so; and that such failure was the proximate cause of the loss sued for. We note, however, in the plaintiff's pleadings, which must be taken as the basis for any recovery, the following allegation:

"That notwithstanding this defendant knew, prior to the shipment of said car, of the error in the sending and transmission of said message, and the consequent loss which plaintiff would thereby sustain, it negligently failed and refused to correct said message unless and until, as it alleges in paragraph XIII of its said amended answer, the said Sneed paid or agreed to pay the usual and customary charges made for transmitting such corrected message, when in truth and in fact, said defendant knew or should have known, inasmuch as it was in its contemplation at the time said error was made, that plaintiff would suffer the loss sued on herein, without said message having been corrected by it."

The jury having found that the telegraph company was not responsible for the error in using the word "thirteen" instead of the word "thirty" in said message, no duty rested upon it, in the absence of an instruction by Sneed to do so at his expense, to send any correction message. And from the above pleadings it would appear that Sneed had refused to pay for sending a correction message, but was, on the other hand, demanding that the telegraph company send such correction message at its own expense under his contention that the error was that of the telegraph company and not his own.

The proposition, however, which we consider determinative of the appeal, is that Sneed, the shipper, having selected the telegraph company as the means through which to communicate his offer to the appellee, and the appellee having accepted the offer through

the same channel, and appellee having pleaded that the only contract between the parties was that consummated by the two telegrams, whatever cause of action the consignee of the shipment, appellee herein, might have had was against the shipper and not against the telegraph company.

Though there is an irreconcilable conflict in the authorities in this country as to the liability of parties in case of a mistake or error in the transmission of an offer or acceptance by telegraph (13 C. J. 300; Western Union Tel. Co. v. Chihuahua Exchange [Tex. Civ. App.] 206 S. W. 364, and cases there cited), the Texas courts have adopted the view, as stated by this court in Western Union Tel. Co. v. Fletcher (Tex. Civ. App.) 208 S. W. 748, as follows:

"It seems to be the law in this state that, if an offer be submitted by telegraph, the sendee may accept the proposal by the same instrumentality, and, if there be an unconditional acceptance of the proposition, the filing of the telegram of acceptance with the telegraph company constitutes a binding contract, without reference to the delivery of the same to the sender; and that in such cases there would be no cause of action against the telegraph company for failure to deliver the telegram, or for negligence in its transmission, but that the cause of action, if any, would be against the party accepting the offer and making the contract. See Tel. Co. v. Connell Land Co., 61 Tex. Civ. App. 168, 128 S. W. 1162; Blake v. Ins. Co., 67 Tex. 163, 2 S. W. 368, 60 Am. Rep. 15; Mortgage Co. v. Davis, 96 Tex. 504, 74 S. W. 17, 97 Am. St. Rep. 932; Tel. Co. v. Williams, 137 S. W. 148."

See, also, Kenedy Mercantile Co. v. Western Union Tel. Co. (Tex. Civ. App.) 167 S. W. 1094; Western Union Tel. Co. v. Gardner (Tex. Civ. App.) 278 S. W. 278; Western Union Tel. Co. v. Killian (Tex. Civ. App.) 1 S.W. (2d) 378.

From the rule announced in these cases it follows that, even if the telegraph company was legally bound to send such correction message, which under appellee's pleadings we seriously doubt, its failure to do so would not give appellee any cause of action against it. Whatever claim for damages he may have had was against the shipper.

The telegrams quoted contained no such conditions as to limit or prevent a final consummation of the contract in question. Nor are there any facts shown which would bring the present case under the exception to the rule announced in the Fletcher Case, supra. On the contrary, the plaintiff expressly declared upon a contract consummated in the two telegrams quoted.

In the original petition the appellee sued both Sneed and the telegraph company as defendants. Before trial, however, plaintiff dismissed as to Sneed and sought judgment only against the telegraph company. Under the pleadings therefore and the findings of the jury, the trial court should have rendered judgment in favor of the telegraph company.

The judgment of the trial court is reversed, and judgment here rendered in favor of appellant.

Reversed and rendered.