## BELL et al. v. WESTERN UNION TELEGRAPH CO. (No. 2365.)

Court of Civil Appeals of Texas. El Paso. Oct. 10, 1929.

Rehearing Denied Nov. 7, 1929.

John L. Dodson, of Del Rio, for appellants. H. G. Russell, of Pecos, and Francis R. Stark, of New York City, for appellee.

**40**

HIGGINS, J. This is a suit by appellants against appellee for damages alleged to have been sustained as the result of delay in the delivery of a telegram sent by appellant, Ira J. Bell, from Pecos, Tex., to John T. Peavy, at Houston, Tex.

The plaintiffs alleged:

"That on or about the said 17th day of October, A. D. 1928, and for a period of time immediately prior thereto, the plaintiff Ira J. Bell, had and carried on certain correspondence for himself and the Plaintiff, Donald S. Bell, with one John T. Peavey of the City of Houston, Harris County, Texas, who was the agent of and representing one J. C. Calloway, the owner of a certain Duplex Apartment house located at 4110 and 4112 St. Emanuel Street, in the City of Houston, Harris County, Texas, relative to an exchange of said Duplex Apartment house for certain lands in Reeves County, Texas, described as all of Section 46, Block 57, Township 1, and the Southeast one-fourth (S. E. ¼) of Section 36, Block 58, Township 1, all being T. & P. Ry. Co. surveys in said Reeves County, Texas, then owned by the Plaintiffs herein, and that on said date the Plaintiff, Ira J. Bell, received from the said John T. Peavey a letter dated October 15th, 1928, submitting a proposition for the exchange of said properties, and asked for a reply by wire, and which said proposition for the exchange of said properties these plaintiffs then and there accepted, subject to the approval of titles to said properties by the parties to said agreement to so exchange, which proviso relative to titles was known and understood by and between all parties to said agreement, and that for the purpose of making it known to the said Peavey that these plaintiffs had so accepted said proposition to exchange said properties, and for the further purpose of complying with his request for a reply by wire, the plaintiff, Ira J. Bell, prepared and delivered to Defendant's agent at its office in the City of Pecos, Pecos County, Texas, a telegram in words and figures as follows to-wit: [Here follows telegram.]"

"7. That the titles to said Duplex Apartment house and said Reeves County lands were good and acceptable to all parties to said agreement to exchange said properties.

"8. That had said telegram been transmitted and delivered to the said Peavey, agent for the said Calloway, by the Defendant with due diligence and dispatch its contents would have been made known to the said Calloway long before the said 20th day of October, 1928, and that as a result thereof, the fact that the minds of the parties to said agreement to exchange said properties had come together would have been made known to the said Calloway, and said agreement to so exchange said properties would have been fully consummated and title papers passed by the one to the other as was contemplated by all parties to said transaction and agreement to so exchange, and the said Calloway would not have sold or otherwise disposed of said Duplex Apartment house to another on or about the said 20th day of October, 1928."

The case was tried without a jury, and judgment rendered in favor of defendant.

■■ The case made by the petition shows that Calloway, acting through his agent, Peavey, submitted to appellants an offer to exchange, requesting a reply by wire. This offer appellants accepted by delivering to appellee for transmission and delivery to Peavey a telegram of acceptance. Upon this state of facts the contract to exchange was completed by the filing with appellee of the telegram to Peavey, and, for the breach of such contract by Calloway, appellants have a cause of action against Calloway, but none against appellee for negligent delay in the transmission and delivery of the message to Peavey. The authorities in this state so hold. Western Union Tel. Co. v. Nicholson (Tex. Civ. App.) 16 S.W.(2d) 315; Western Union Tel. Co. v. Killian (Tex. Civ. App.) 1 S.W.(2d) 378; Western Union Tel. Co. v. Gardner (Tex. Civ. App.) 278 S. W. 278; Western Union Tel. Co. v. Fletcher (Tex. Civ. App.) 208 S. W. 748.

Upon the authority of these cases, the trial court properly rendered judgment in defendant's favor.

■ The assignments and propositions submitted in appellant's brief need not be discussed, for they do not relate to the rule of law upon which the decision depends. The only point made which has any bearing upon the controlling question in the case is that which complains of the court's finding that Peavey was Calloway's agent. Appellants alleged Peavey to be such agent, and they cannot complain that the court so found. Upon that phase of the case they are bound by their pleading. Furthermore, the evidence is sufficient to support the finding that Peavey was Calloway's agent.

Affirmed.