WESTERN UNION TELEGRAPH CO. v.
GARDNER et al. (No. 9432.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 14, 1925. Rehearing Denied
Dec. 12, 1925.)

1. **Contracts ⬄22(3)—Filing telegram of acceptance of offer completes contract.**

Filing with telegraph company of telegram of unconditional acceptance of offer, which was made with directions to accept it by telegram, completes contract without reference to the delivery of the message of acceptance to the offerer.

2. **Sales ⬄23(3)—When seller's acceptance of buyer's offer does not become binding until buyer receives acceptance stated.**

When a party, submitting an offer of purchase by telegram, stipulates that acceptance by telegram must be received by buyer before acceptance is binding, the acceptance does not bind until the buyer receives such acceptance.

3. **Telegraphs and telephones ⬄65(1)—Petition against telegraph company for failure to deliver message accepting buyer's offer held good against general demurrer.**

In action by sellers of cotton against telegraph company for failure to deliver plaintiffs' message of acceptance of buyer's offer, based upon theory a delivery to buyer of telegram of acceptance was necessary to consummate the contract, petition alleging that the buyer submitted an offer to plaintiffs with directions to them to send a telegram of acceptance to buyer, and that defendant failed to deliver telegram of acceptance, which, if delivered, would have bound buyer, held good against general demurrer.

4. **Sales ⬄52(5)—Evidence held to show stipulation between seller and buyer of cotton required buyer to receive seller's acceptance of buyer's offer before seller's acceptance bound buyer.**

Evidence held to show stipulation between seller and buyer of cotton required buyer to receive seller's acceptance of buyer's offer before seller's acceptance bound buyer.

5. **Exchanges ⬄9—Rule of Texas Cotton Association held not to invalidate contract between members of association.**

Rule of Texas Cotton Association providing that it shall be a violation for any member of an association to buy or offer to buy cotton after 8 o'clock p. m., except in cases of unavoidable delay in telephone or telegraphic service, held not to invalidate contract between members of association finally completed after 8 o'clock.

6. **Exchanges ⬄9—That contract of sale of cotton violated rules of Texas Cotton Association held not of itself to invalidate such contract.**

That contract of sale of cotton was entered into in violation of rules of Texas Cotton Association held not of itself to invalidate such contract.

7. **Trial ⬄140(2)—Employé of interested party is not interested witness, within rule precluding peremptory instruction on such witness' testimony.**

Employé of interested party is not an interested witness, within rule precluding peremptory instruction on case established by interested witnesses.

8. **Appeal and error ⬄203(½), 544(1)—Rulings on evidence, not excepted to, will not be considered; no bills of exception thereto appearing in record.**

Assignments of error to reception of testimony cannot be considered where no exceptions were taken to rulings at trial, and no bills of exception thereto appear in record.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by L. H. Gardner and another against the Western Union Telegraph Company and another. Judgment for plaintiff against the defendant named, and it appeals. Affirmed.

Wm. H. Flippin and Carl B. Callaway, both of Dallas, for appellant.

Spence, Smithdeal, Shook & Spence, of Dallas, for appellees.

JONES, C. J. Appellees L. H. Gardner and W. C. Witwer recovered judgment against appellant, Western Union Telegraph Company, on a suit in the district court of Dallas county for the sum of $1,370.13, with interest thereon at the rate of 6 per cent. per annum from October 18, 1920. Weatherford Crump & Co., a corporation, with its principal office in Houston, Harris county, Tex., was also a defendant in the suit below, but, having prevailed in said suit, and neither side complaining of the judgment entered in its favor, and the cause of action alleged against it being separate and distinct from the cause of action alleged against appellant, such defendant is not a party to this appeal. The facts of this case are as follows:

Weatherford Crump & Co. bought, sold, and exported cotton, maintaining offices in Houston, Tex., and New Orleans, La. Appellees bought and sold cotton, maintaining their office during the cotton season at Mineola, Tex., and, during the remainder of the year, in Dallas, Tex. For the cotton season of 1920–21, appellees had established a business relation with Weatherford Crump & Co., under which, on the days on which Weatherford Crump & Co. desired to purchase cotton from appellees, it would make an offer, either over the telephone or by means of the telegraph, to appellees, that it would buy from them a stated number of bales for that day at a stated price, basis middling. If appellees availed themselves of this offer, they would accept it by wire, stating the number of bales within the limit given that they would deliver.

Appellant was the only telegraph company at Mineola and had direct connection by wire between said place and the city of Houston. The office at Houston was located near the office of Weatherford Crump & Co. in that city. Both appellees and Weatherford Crump & Co. daily had numerous transactions with appellant in the way of sending and receiving messages in reference to their cotton business, and the character of the business of each was well known to appellant and its agents and employés in its offices both at Mineola and at Houston.

On October 15, 1920, Weatherford Crump & Co., pursuant to the said business relation then existing between them, offered to buy from appellees on that day as much as 150 bales of cotton at the price of 19 cents per pound, basis middling, delivered at Houston, and directed appellees, if they availed themselves of this offer, to send it a telegram at Houston accepting same. Relying upon this offer, appellees went into the market on said day and purchased 50 bales of cotton, wiring their acceptance of the offer to the extent of the said 50 bales. Later they purchased 100 bales, the balance of their limit, and, at 8:05 o'clock p. m., filed in appellant's office at Mineola a' message addressed to Weatherford Crump & Co., at Houston, giving their acceptance of said 100 bales, thus completing the amount of cotton that said company had offered to purchase from them on that day. Each of these telegrams was at once transmitted by appellant's Mineola office, but only the first one was received on that day by Weatherford Crump & Co. The latter telegram was not received at appellant's Houston office until 7:30 p. m. on October 18th. Appellees did not know that their telegram in reference to the 100 bales of cotton had not been received by the addressee until the 18th of October, 1920, when, in a telephone conversation with Weatherford Crump & Co., they were informed that it had never received that telegram and would not then take the said 100 bales of cotton, though same had been shipped to Houston to Weatherford Crump & Co. The cotton market had declined 275 points from the 15th to the 18th of October, and Weatherford Crump & Co. declined to receive the cotton on its offer of purchase made on the 15th, and would only accept the cotton on the market value of that day, which wàs 16¼ cents. Appellees sold to said company this 100 bales of cotton at said price, which was the market price for cotton on that day. As a result of the conditions thus obtaining in reference to their sale of this cotton, appellees sustained a loss of $1,370.13. Appellees filed this suit to recover said damages because of alleged negligence of appellant in transmitting the said message, and in their original petition named appellant only as defendant. In an amended petition appellees made Weatherford Crump & Co. also a party defendant; the allegations in the first count of the petition being directed against appellant, and the allegations in the second count being directed against Weatherford Crump & Co. No joint recovery was sought against the defendants; the said second count in the petition being in the nature of an alternate plea. When the allegations in both of the counts in this petition are analyzed, it is evident that appellees sought the recovery of damages against appellant on the theory that no binding contract of sale and purchase had been entered into between them and Weatherford Crump & Co. because of the failure of appellant to deliver the said message in reference to the 100 bales of such cotton, such delivery being necessary before there could exist between the parties a completed contract, and that the alleged negligent failure of appellant promptly to deliver the said telegram was the proximate cause of the damages they sustained; that their cause of action alleged in their alternate plea against Weatherford Crump & Co. was on the theory that, when they filed the message of acceptance in appellant's office at Mineola, the contract of sale and purchase was complete, and the refusal of Weatherford Crump & Co. to accept the cotton at the price named in the offer was an unwarranted breach of such contract, and entitled them to recover their damages.

Appellant defended the suit on the theory (1) that appellees' pleading was insufficient to recover damages against it on their theory above stated, in that said pleading only alleged an offer on the part of Weatherford Crump & Co. to purchase the cotton with direction that, if the offer was accepted, they should signify such acceptance by telegram addressed to it, and that, under the law, the filing of the telegram by appellees at its office in Mineola completed the contract, and that its negligence, if any, in the delivery of the telegram was not the proximate cause of the damages appellees suffered, but that such damages were caused by the breach of the contract by Weatherford Crump & Co. in its refusal to take the cotton; (2) that as this contract was made under the rules governing the Texas Cotton Association, and that, as said rules prohibit the making of contracts after 8 o'clock p. m. of any day, the contract pleaded was not an enforceable one against Weatherford Crump & Co., and therefore no suit for damages in reference thereto could be maintained against appellant. Appellant's pleading fully raised the issues of its said defenses. Weatherford Crump & Co. defended the suit against it on the ground that, under the contract existing between appellees and it, no acceptance would be binding upon it until the message transmitting such acceptance was received by it. The answer of this defendant also contained other allegations as grounds of defense that it is not necessary

to mention for a disposition of the questions raised on this appeal.

Appellant, in pursuance of its first theory of the case above stated, presented a general demurrer to appellees' petition, which was overruled by the court, and error is duly assigned on such ruling. At the conclusion of the evidence of appellees, all parties rested their case and each defendant requested peremptory instructions in its favor; the case being tried by a jury. Appellees also requested peremptory instructions in their favor. The request of appellees and of Weatherford Crump & Co. for such instruction was each allowed, and the jury was instructed by the court to return a verdict in favor of appellees against appellant in the sum of $1,370.13, with interest, and to return a verdict in favor of Weatherford Crump & Co. that appellees take nothing by their suit against it, and a verdict in conformity to this instruction was returned by the jury. The requested instruction of appellant was refused and error is duly assigned on such ruling of the court. A judgment was duly entered in conformity to the verdict of the jury.

Appellant has duly presented its theories of this case by assignments of error and appropriate propositions of law. It is not deemed necessary to an understanding of the issues raised by these assignments to set them out in detail. It is sufficient to say that they clearly raise the issues herein discussed, and their purport will appear from such discussion.

[1] Did the court err in overruling appellant's general demurrer? As contended by appellant, it is the settled law of this state that, where an offer to purchase is made with direction that same be accepted by telegram, the filing of a telegram of unconditional acceptance of the offer with a telegraph company completes the contract without reference to the delivery of the message to the purchaser. Kennedy Mercantile Co. v. Western Union Tel. Co. (Tex. Civ. App.) 167 S. W. 1094; Western Union Tel. Co. v. Fletcher (Tex Civ. App.) 208 S. W. 748.

[2] This rule of law rests on the ground that, by designating the telegraph company as the medium through which the acceptance is to be received, the offerer makes said telegraph company its agent for such purpose, and thereby assumes the risk for any negligent transmission or delivery of the acceptance. Notwithstanding this rule of law, however, the one offering to purchase on terms submitted by him may stipulate that the acceptance must be received by him before he is bound by it, for this rule of law does not destroy the right of the offerer to dictate the conditions of the contract and the manner of its acceptance. If the offer contains a stipulation that the acceptance must be received before the contract is completed, or if, as in the instant case, the transaction under inquiry was only one of a series of similar transactions had, and to be had, between the parties, and there existed a general agreement and understanding between them that the acceptance must be received before the contract for sale and purchase is consummated, then the rule of law above announced has no application. Western Union Tel. Co. v. Seguin Farmers' Union Gin Co. (Tex. Civ. App.) 246 S. W. 430; Williston on Contracts, § 88.

[3] If the allegations in appellees' petition bring their case clearly within the rule of law first above announced, the court erred in overruling the demurrer, for they had completed their sale of the cotton before any negligent act of appellant intervened, and their cause of action would be against Weatherford Crump & Co. for the breach of the contract in refusing to accept the cotton under the contract, and not against appellant for its negligence. If, however, by reasonable intendment it appears from the pleading that a delivery of the message was necessary for a binding acceptance and a completed contract, then the court did not err in overruling the exception. This must be determined from appellees' petition in this case.

Appellees allege that on or about October 15, 1920, Weatherford Crump & Co. offered to buy from appellees during the day as much as 150 bales of cotton at a price of 19 cents per pound, basis middling, delivered at Houston, and directed and authorized appellees, if they desired to sell said cotton at this price and on these terms, to send a telegram to Weatherford Crump & Co., at Houston, accepting this offer; that they first purchased 50 bales of cotton on this offer and wired their acceptance to said company at Houston to the extent of 50 bales; that later in the day they procured the additional 100 bales of cotton to sell to Weatherford Crump & Co. on this offer, and, at 8:15 p. m., on said day, filed and delivered to appellant's office at Mineola their telegram of acceptance of the 100 additional bales of cotton on the offer of that day; that said telegram was accepted by appellant and appellees paid thereon the usual and customary toll for its transmission, and that thereby appellant promised and agreed promptly and correctly to transmit and deliver said message to Weatherford Crump & Co. at Houston, Tex., but that it negligently failed to do so, and that, by reason of such negligence, appellees were damaged in the sum of $1,370.13; that "had this last-mentioned message been delivered and transmitted to Weatherford Crump & Co., said company would have been bound and obligated to pay and would have in fact paid the plaintiffs for said 100 bales of cotton at the agreed price of 19 cents per pound, basis middling."

It will be noted that appellees base their right to claim a consummated agreement.

with Weatherford Crump & Co. for the purchase of this cotton on the receipt by said company of the message of acceptance, and not on the fact of the delivery of the message to the telegraph company; in other words, the effect of the allegations above stated is that the appellees failed to consummate a contract for the sale of the cotton to the said purchaser, because of the failure of appellant to deliver to the purchaser their message accepting the offer. Weatherford Crump & Co. is thus exonerated from any breach of the contract attempted to be made. The fact that a binding contract was not consummated because of the failure to deliver the message of acceptance could in law exist, as we have seen, notwithstanding the offerer directed its acceptance by telegram. If appellant desired to know why a delivery of the telegram was' necessary to consummate the contract, it should have filed a special exception to this pleading. In the absence of such special exception, we think the pleading is sufficient as against a general demurrer, and the assignments of error on this issue are overruled.

[4] Appellant's assignment of error to the court's refusing its requested peremptory instruction, which evidently was based on the claim of insufficiency of the pleading in the respect above discussed, is likewise overruled. The evidence, except that of the telegrams above mentioned, was given by two witnesses: W. C. Witwer, one of the appellees, and E. F. Kalb, an employé of Weatherford Crump & Co. This evidence conclusively establishes the fact that in all sales of cotton made by appellees on offers of Weatherford Crump & Co. in which it was stipulated that the acceptance of the offer of purchase should be by telegrams, before such acceptance would be binding on Weatherford Crump & Co., same must be received by said company. The witness Witwer testified:

"If they (Weatherford Crump & Co.) had sent me a limit that they would buy so much cotton, and I did not reply to it, or they received no reply from me with respect to it, then we did not sell them any cotton. I had not sold them any cotton until I caused a telegram to be delivered to them at Houston."

Again this witness testified:

"Well, they (Weatherford Crump & Co.) had to have advice of the sale to them by us of the cotton. They had to receive advice. That was the understanding and agreement between us at the time this transaction was had. The custom was that in reporting cotton they had to have advice from us that we were selling the cotton. That was necessary before they would be bound to us under the agreement and understanding."

This witness also testified that he did not remember any direct understanding in their contract with Weatherford Crump & Co. before the season opened, but that it was the general custom of the trade that an acceptance of an offer to purchase cotton had to be received by the purchaser before it was a binding contract.

The witness Kalb testified specifically as to the existence of the agreement between Weatherford Crump & Co. and appellees that an acceptance would have to be received by said company before a purchase of cotton would be made, and was explicit in giving the reason why his company could not do business on any other basis.

The evidence from these two witnesses also conclusively established the fact that the market price of the cotton on the 18th of October, 1920, was 16¼ cents, basis middling, and the weight of this 100 bales of cotton was conclusively established, making the damages of appellees a mere matter of calculation.

[5, 6] Appellant further urges that as this contract of sale and purchase was made under the rules of the Texas Cotton Association, and that as rule 8 of said association provides that "it shall be a violation of the rules of the association for any member to buy or offer to buy cotton after the hour of 8 o'clock p. m., except in cases of unavoidable delay in telephone or telegraphic services," no binding contract could have been made by appellees with Weatherford Crump & Co., because the telegram of acceptance was filed after 8 o'clock p. m. This rule does not purport to make a contract between members of the association finally completed after 8 o'clock p. m. invalid, and the mere fact that it may have been entered into in violation of a rule does not invalidate it. The witness Kalb testified that in the application of that rule, and the construction placed on it by the members of the association, the rule as construed did not make a contract for the sale of cotton after 8 o'clock p. m. invalid. This construction necessarily follows from the wording of the rule itself. This witness further testified that, if Weatherford Crump & Co. had received the message before 8 o'clock a. m. of the following day, it would have taken the cotton at 19 cents per pound. The assignments of error on this issue are overruled.

[7] Appellant further complains because the court gave peremptory instructions in a case established by interested witnesses. We cannot allow this contention, for the reason that the witness Kalb is not shown to have been a member of the corporation of Weatherford Crump & Co., but only an employé, and, so far as we know, the rule contended for has never been applied to the evidence of a mere employé of an interested party. This assignment of error is overruled.

[8] There are assignments of error in reference to the ruling of the court on the admission and the refusal to admit certain testimony. No exception was taken to these rulings at the time, and no bill of exception to

any of said rulings appears in the record. These assignments of error cannot be considered.

Finding no reversible error, it is the opinion of this court that the case should be affirmed.

Affirmed.