Herbert J. GIVENS, Appellant,

v.

Alto BOUTWELL, John Bill Keck, and Ray E. Jones, d/b/a Alto Boutwell, et al., Joint Venture, Appellees.

Alto BOUTWELL, John Bill Keck, and Ray E. Jones, d/b/a Alto Boutwell, et al., Joint Venture, Cross-Appellants,

v.

Herbert J. GIVENS, Cross-Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Jan. 7, 1986.

Joe Nagle, Denham and Nagle, Middleboro, for appellant/cross-appellee.

Paul E. Braden, Mark Glastetter, Braden & Glastetter, Corbin, for appellees/cross-appellants.

Before HAYES, C.J., and COMBS and HOWERTON, JJ.

COMBS, Judge.

This is an appeal and cross-appeal from the judgment of the Bell Circuit Court entered in a suit for specific performance of an option contract.

On September 3, 1976, appellant granted appellee Alto Boutwell an option to purchase his interest in a tract of land. The contract gave appellee the right to buy the real estate any time prior to November 4, 1976, at 12 o'clock noon, and required ap-

pellee to either mail or deliver a written acceptance to appellant at his residence in Middlesboro, Kentucky.

Boutwell exercised the option by sending the appellant written notice on October 13, 1976. Appellant and Boutwell agreed to meet on November 1, 1976, to complete the sale, but the meeting never took place. Appellant testified that he kept the appointment, but Boutwell stated he was unable to locate appellant either at the meeting place or at his home. After the attempted closing, Boutwell's attorney sent telegrams advising appellant of appellees' desire to purchase the property, but one was refused by appellant's wife and another was accepted by appellant's neighbor. Appellant refused to close the transaction, claiming that appellees failed to exercise their rights within the option period, so appellees initiated this action for specific performance of the option contract. The case was tried before a jury, and the jury found that appellees had timely exercised the option by means of the October 13th letter.

After entering a non-final judgment in favor of appellees, the trial court granted further relief to the parties. It awarded appellant the taxes he had paid on the property plus interest on the purchase price from November 1, 1976, until the day of transfer. The lower court permitted appellees to amend their complaint to raise the issues of royalties and interest, and granted appellees a sum equal to the royalties from November 1, 1976 as a set-off against the purchase price. The court declined to award appellees interest on the royalties, and entered a final judgment in the case.

Appellant urges this court to reverse the trial court's judgment, arguing that the "mail box rule" does not apply to option contracts. Appellant also alleges that the option was not effectively triggered because he did not receive actual written notice of exercise during its term.

■ We are not impressed with either of appellant's theories. The contract between the parties expressly provides that the option could be exercised by (1) mailing of written acceptance to appellant, postmarked prior to 12 o'clock noon, on November 3, 1976, or (2) delivering a written acceptance prior to 12 o'clock noon, on November 4, 1976, to appellant's residence. The contract does not require a mailed notice to be actually received in order to be effective, it only requires the notice to be timely mailed. We conclude that the contract incorporates the mail box rule by its terms and we find no fault with the lower court's interpretation of its provisions. *See Postal Telegraph Cable Co. v. Louisville Cotton Seed Oil Co.*, Ky., 140 Ky. 506, 131 S.W. 277 (1910). [If a contract specifies that an offer may be accepted by mail, the acceptance of the contract is complete upon the mailing.] The record in this case contains ample evidence to support the jury's finding that the October 13, 1976 letter was mailed prior to November 3, 1976, so we will not disturb the lower court's judgment.

■ Appellant also argues that the trial judge abused his discretion by allowing appellees to raise the issues of royalties and interest by way of post-judgment amendment to the complaint. We disagree with appellant's contention. Civil Rule 15.01 provides that a party may amend his pleading by leave of court, and leave shall be freely given when justice so requires. Our cases repeatedly emphasize that the trial court has wide discretion in permitting the amendment of pleadings. For example, in *Cheshire v. Barbour*, Ky., 481 S.W.2d 274 (1972), the trial court did not abuse its discretion in allowing a post-judgment amendment to the complaint in a case which was on remand from the appellate court.

In the case before us, the trial court deliberately entered a non-final judgment and proceeded to entertain motions for further relief from both parties. The parties' claims of interest, royalties, and taxes are in the nature of an accounting, and did not in this case present issues of fact for the jury's determination. *See* Civil Rule 43.04. In our opinion, it was entirely appropriate for the trial court to permit the amendment

and to address these claims after the jury verdict in favor of appellees.

Having disposed of the issues presented in the direct appeal, we turn now to the merits of the cross appeal. Appellees argue that the lower court erred in awarding appellant interest on the purchase price from November 1, 1976, and allege that they were entitled to interest on the royalties from that same date. Although the allowance of interest is a matter within the judicial discretion of the trial court, *Curtis v. Campbell*, Ky., 336 S.W.2d 355 (1960), it is clearly unfair for the lower court to award appellant interest on the purchase price while denying appellees interest on the royalties. We conclude that the trial court erred in failing to award appellees interest on the royalties from the contract date of November 1, 1976 as an additional set-off against the purchase price.

The judgment of the Bell Circuit Court is affirmed on the appeal, and affirmed in part, and reversed in part on the cross appeal, with directions to award appellees interest on the royalties from November 1, 1976.

All concur.