**RIVER CITY DEVELOPMENT CORPORATION, Appellant,**

v.

**Thomas SLEMMER and Elizabeth Slemmer, Appellees.**

No. 88–CA–2185–S.

Court of Appeals of Kentucky.

Dec. 1, 1989.

William H. Hawkins, Cincinnati, Ohio, for appellant.

Scott D. McMurray, Newport, for appellees.

Before McDONALD, MILLER and REYNOLDS, JJ.

MILLER, Judge.

River City Development Corporation (RCDC) brings this appeal from an order of the Campbell Circuit Court dismissing its complaint for specific performance of a contract for purchase of real property. Kentucky Rules of Civil Procedure (CR) 56.

The facts are these: RCDC held a written option to purchase real property of appellees, Thomas Slemmer and Elizabeth Slemmer. The option extended through November 14, 1987, and did not specify the method of exercise. RCDC maintains it orally exercised the option by phone on November 11th and posted written acceptance on the same day. Appellees maintain they did not receive written notice until after the 14th.

RCDC makes two arguments in support of a valid exercise of the option, both of which were rejected by the trial court. First, recognizing that the acceptance of an offer contained in an option must be communicated to the optionor before expiration of the option period, it maintains the written acceptance of November 11th was effective. This contention is made notwithstanding the letter may not have been received by the optionors until after the November 14th expiration date. RCDC claims entitlement to the "mailbox rule" stated in *Givens v. Boutwell*, Ky.App., 701 S.W.2d 146 (1985). We believe this argument was appropriately rejected by the trial court. The mailbox rule is applicable only where specifically authorized by the terms of an option. Such was the case in *Givens*. Unless otherwise provided in the option, intent to exercise must be actually communicated to the optionor before expiration of the

period contained in the option. 77 Am. Jur.2d *Vendor and Purchaser* § 40 (1975). The mere mailing of notice of intent to exercise is insufficient. We hold the circuit court was correct on this issue.

Even if the mailbox rule were to be applied, we have some reservation as to whether the November 11th letter constituted an acceptance. The letter is as follows:

November 11, 1987
Dr. Tom Slemmer
1685 Halsey Street
Redlands, CA 92373
Dear Tom:

In reference to our phone conversation on Wednesday, November 11, 1987 I want to clarify our position.

We have received a conditional zone change on the property in Newport from R1GG (single family) to R4 (fourteen units per acre). The access street (Lots 136 and part of 137) has a recorded easement to Eleventh Street (The Blevins property), but it is recorded in such a way as to be unusable by them. The City of Newport is requiring us to negotiate an easement for them to allow access.

We are also negotiating with the City to improve the water situation in the area (muddy water and frequent main breaks) as well as annex this area into an existing Enterprise Zone which would bring significant tax benefits to the development.

Having the threat of not going forward with this development improves our leverage in the above negotiations.

We are prepared to move forward and close on this property with you, pending information you will provide to us on how your tax counsel suggests you should proceed.

I will be in touch with you on Monday, November 23, 1987 to see how you want to handle this matter.

Best regards,
RIVER CITY DEVELOPMENT CORP.
/s/ Robert A. Schneider
Robert A. Schneider
cc Neil Bortz, Towne Properties

Phil Montanus, Towne Building Group
H.R. Duval, Chelsea Moore Co.

Quite obviously, this letter is far from an unequivocal and unqualified expression of intent to exercise. At most, it constitutes some evidence that oral notice of intent to exercise may have been given on May 11th, as urged by appellant.

■ Turning to the question of oral exercise of the option, we think the circuit court was erroneous in concluding that written notice was required. The court's reasoning was buttressed upon the premise that oral exercise would be violative of the Statute of Frauds. Kentucky Revised Statutes 371.010. That reasoning was rejected in the case of *Klatch v. Simpson*, 237 Ky. 84, 34 S.W.2d 951 (1931), wherein the Court said:

> [t]his court has consistently in a long line of cases construed the provisions of our statute of frauds requiring specified contracts to "be in writing, and signed by the party to be charged therewith, or by his authorized agent," as requiring the signature of only the party to be charged, and that in the sale of real estate the signature of the vendor is sufficient to bind him if the writing is delivered to and accepted by the vendee, and that such acceptance by the latter need not be in writing, and, of course, no part of his acceptance is required to be signed or subscribed by him.

■ Reviewing the record, we find a genuine issue of fact as to whether the option was orally exercised on November 11th before its expiration on November 14th. The summary judgment was therefore inappropriate. CR 56.03.

For the foregoing reasons, the judgment of the Campbell Circuit Court is reversed, and this cause is remanded for proceedings consistent with this opinion.

All concur.